IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John James, Inc.,                              :

            Plaintiff             :        Civil Action 2:09-cv-60

   v.                                        :

Strata Systems, Inc.,                          :        Magistrate Judge Abel

            Defendant            :

## ORDER

This matter is before the Court pursuant to Plaintiff's motion to compel (Doc. 34.)  In its complaint, Plaintiff alleged that it is in the business of installing wood flooring, and that it attempted to purchase a vapor barrier product from Defendant to be utilized between wood flooring and a concrete slab to repel moisture and improve adhesion.  It further alleged that Defendant warranted its product as specifically designed for such use, but that the product subsequently failed of its purpose.  Plaintiff brought claims for breach of express warranty, breach of implied warranty, breach of implied warranty of fitness for a particular purpose, "products liability", fraud, false advertising, and negligent misrepresentation.  It sought "compensatory damages and attorney's fees and costs".  (Doc. 2 at 7.)  Plaintiff has served several discovery requests upon Defendant.  One included a series of requests for various financial data, such as Defendant's income tax returns and financial statements for the last several years and a statement of any securities or

1

other similar funds which Defendant might hold.  Defendant objected to these on

grounds that they had no relevance or bearing on any claim or defense in this

matter.

On November 17, 2010 Plaintiff took the deposition of Fowler Lowe, a former

employee of Defendant who designed and sold the vapor barrier product.  On

November 22, 2010, Plaintiff's counsel sent a letter to Defendant's counsel

regarding the deposition.  It asserted, in closing:

> Lastly, given the above, I have made a clear showing of at least a claim
> for misrepresentation if not fraud.  The door for punitive damages is
> now wide open.  I ask that you withdraw your objections to providing
> the financial information requested in my second set of discovery.  If
> you refuse to do so, I will file a motion with the Court and ask for fees.
>
> The insurance carrier in this case has issued a reservation of rights
> letter to your client stating that there will be no insurance coverage for
> claims of fraud, misrepresentation, breach of express warranty and the
> like.  Given that this is clearly the direction this case is heading,
> insurance coverage will not be available to satisfy any judgment
> obtained against your client.  The longer this case goes on, the better it
> gets for my client.  Mr. Lowe's testimony is nothing short of an
> admission on Strata's behalf of misrepresentation and fraud and I
> believe any jury will consider it as such.  At this time, my client is
> willing to stand by his demand of $1.25 million, however, that demand
> will be taken off the table when we must undertake the expense of
> preparing for trial.

(Doc. 34 at 20-21.)

Plaintiff's motion to compel described Mr. Lowe's deposition, and stated that,

as "[a]ccordingly, there is evidence in the record to support an award of punitive

damages as well as trigger a variety of exclusions from insurance coverage", it

requested that the Court now order Defendant to respond to its requests for

2

production of documents and interrogatories concerning its financial information. It also stated that Mr. Lowe made reference at deposition to a binder of documents he had prepared and given to his former employer concerning the situation, and that Defendant had not produced the binder.  Defendant, in response to the motion, asserted that Plaintiff has mischaracterized Mr. Lowe's deposition testimony, and that it stood by its objection that its current financial information has no bearing on any claim or defense in this case.  Nevertheless, it stated that it is in the process of identifying and gathering responsive documents anyway in order to moot the controversy.  It also asserted that the binder documents were produced earlier in discovery, mooting the issue.  In its reply memorandum, Plaintiff stated that the binder controversy had been resolved, but that Defendant had failed to state a date by which it would produce the financial documents.

Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure permits a party seeking discovery to "move for an order compelling an answer, designation, production, or inspection".  However, S. D. Ohio Civ. R. 37.1 provides:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court, under any provision in Fed. R. Civ P. 26 and 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences.  After extrajudicial means for the resolution of differences about discovery have been exhausted, then in lieu of immediately filing a motion under Fed. R. Civ. P. 26 and 37 and S. D. Ohio Civ. R. 37.2, any party may first seek an informal telephone conference with the judicial officer assigned to supervise discovery in the case.

The Court finds, in the first place, that Plaintiff appears to have conceded that the binder documents were, in fact, produced.  Moreover, it is not apparent

that Defendant's objections to Plaintiff's requests for its financial data on grounds of relevancy were unreasonable or obstructive on their face.  Finally, the Court is not satisfied that Plaintiff exhausted "all extrajudicial means" for resolving this dispute prior to filing a motion.[1]  Its attorney sent a letter on November 22, 2010 to Defendant's counsel which included, amongst other things, a renewed demand for the documents in question.  On December 9, 2010, it filed its motion to compel.  A relatively brief period of time (containing a holiday) elapsed between these events.  The discovery sought was subject to objections, which neither party has actually sought to have adjudicated, and was apparently directed towards the question of damages in this case, not the testing of claims or defenses.  There is no information in the record concerning any follow-up correspondence or telephone calls between counsel.

The motion to compel (Doc. 34) is **DENIED WITHOUT PREJUDICE**.  Defendant has stated that, notwithstanding its objections, it is in the process of identifying and gathering responsive documents.  If the result of this promised production is unsatisfactory to Plaintiff, it may – after exhausting all extrajudicial means for resolving the dispute – seek an informal telephone conference with the Court regarding this matter.  S. D. Ohio Civ. R. 37.1.

s/Mark R. Abel_____
United States Magistrate Judge

---

[1]  The Court has previously cautioned Plaintiff with respect to S.D. Ohio Civ. R. 37.1.  *See* Doc. 28 at 2.

4